# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WADE KNIGHT, | ) | No. CV-F-06-1230 OWW/DLB |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER DISMISSING PLAINTIFF'S |
| Plaintiff, | ) | INDEPENDENT ACTION PURSUANT |
| | ) | TO RULE 60(b), FEDERAL RULES |
| vs. | ) | OF CIVIL PROCEDURE, AND |
| | ) | DIRECTING CLERK OF COURT TO |
| | ) | ENTER JUDGMENT FOR THE |
| UNITED STATES OF AMERICA, | ) | UNITED STATES AND TO CLOSE |
| | ) | THIS CASE |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

On September 8, 2006, Plaintiff Wade Knight, a federal prisoner proceeding *in pro per* currently incarcerated at Atwater USP, has filed an "Independent ACTION Pursuant To The Saving Clause in Rule 60(b), Federal Rules of Civil Procedure, Seeking Relief From The District Court November 1, 2002 Judgment Denying his 28 U.S.C. 2255, Based Upon 'Newly Discovered Evidence.'"

In May, 2000, Wade Knight was convicted in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:00-cr-00038-HB, of conspiracy to interfere with interstate

commerce by robbery and interference with interstate commerce. Knight was sentenced to 235 months incarceration, three years of supervised release, restitution, and special assessments. Knight's conviction and sentence were affirmed. *United States v. Knight,*, 281 F.3d 225 (3rd Cir.2001), *cert. denied*, 535 U.S. 947 (2002). Knight filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of Pennsylvania, which was denied on November 1, 2002, the Eastern District of Pennsylvania District Court declining to issue a certificate of appealability. The Third Circuit declined to issue a certificate of appealability.[1]

Knight asserts that he is entitled to bring this action in the Eastern District of California because an independent action under Rule 60(b) may be brought in a court other than the court that issued the contested order, citing *Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 223 (4th Cir.1999). Knight cites *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238 (1944) as allowing him to bring this independent action more than one year after the denial of his Section 2255 motion by the Eastern District of Pennsylvania.

In support of this action, Knight avers:

> (2) I was tried and convicted in the United States District for The Eastern District of

---

[1] The Court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet. *See* Fed. R. Evid. Rule 201(b); *United States v. Howard*, 381 F.3d 873, 876, fn.1 (9th Cir. 2004).

> Pennsylvania [sic] ....
>
> (3) I attest that by way of the Maryland Public Information Act ... I found the attached 'Newly Evidence' [sic] that wasn't provided to me in my discovery by the U.S. Prosecution.
>
> (4) I attest that Detective Ruby Ernest Gary and the U.S. Prosecution had committed Fraud Upon The Court on May 20, 2000 by alleging that petitioner had waived his Constitutional rights found under Miranda.
>
> (5) I attest that I am only attacking the November 1, 2002 Judgment denying my 28 U.S.C. section 2255.

Knight has twice filed independent actions for fraud under Rule 60(b), Federal Rules of Civil Procedure, in the Eastern District of Pennsylvania, based on the same averments of fraud upon the Court.  In *Knight v. United States*, No. CV-06-0045, Knight challenged his 2000 criminal conviction based on the same averments of fraud.  Knight's independent action was dismissed by Order filed on January 20, 2006.  In *Knight v. United States*, No. CV-06-0994, Knight challenged the November 2002 denial of his Section 2255 motion based on the same averments of fraud.  Knight's independent action was dismissed by Order filed on March 22, 2006.

Knight's independent actions for fraud were denied by the Eastern District of Pennsylvania District Court before Knight filed the independent action in the Eastern District of California.  Whether or not this Court has jurisdiction or authority to hear Knight's independent action purporting to challenge the denial in the Eastern District of Pennsylvania of

his Section 2255 motion need not be addressed under these circumstances.  Knight has presented his claims of fraud upon the court to the District Court in which he was convicted and which denied his Section 2255 motion.  Knight's remedies, if any, must be addressed to the Third Circuit.

For the reasons stated:

1.  Wade Knight's independent action for fraud upon the court pursuant to Rule 60(b), Federal Rules of Civil Procedure, is DISMISSED;

2.  The Clerk of the Court is directed to ENTER JUDGMENT FOR THE UNITED STATES and to close this case.

IT IS SO ORDERED.

Dated:   February 13, 2009          /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE